UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:14-CR-3-ART-HAI-2 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| JIMMY EDWARD HALL, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Thapar (D.E. 141) and reassignment from Magistrate Judge Atkins (D.E. 143), the Court considers reported violations of supervised release conditions by Defendant Jimmy Edward Hall. Judge Thapar entered a judgment against Defendant in November 2014 for one count of conspiracy to distribute cocaine. D.E. 122 at 1. Defendant was sentenced to 21 months of imprisonment followed by ten years of supervised release. *Id*. at 2-3. Defendant began his supervised release term on June 13, 2016.

On July 25, 2016, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated this revocation. The Report was followed by an Addendum that contained new information. First, the Report charges, in Violation #1, a violation of Standard Condition #7, which provides that the defendant "shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." *See* D.E. 122 at 3. The Report specifically alleges that, on June 28, 2016, Defendant submitted a urine specimen that tested positive for cocaine at the regional drug testing laboratory. On July 6, Hall was confronted with the test result and denied ingesting

cocaine during his supervised release period.  According to the Addendum, Alere Toxicology Services confirmed the positive urinalysis for cocaine.  This is a Grade C violation.

Second, Violation #2 of the Report charges another violation of Standard Condition #7. The Report specifically alleges that, on July 6, 2016, Defendant submitted a second urine specimen that also tested positive for cocaine at the regional drug testing laboratory.  According to the Addendum, Alere Toxicology Services confirmed the positive urinalysis for cocaine.  This is a Grade C violation.

Third, in relation to Defendant's use of cocaine, the Report charges Defendant with a violation of the condition requiring him to refrain from committing another federal, state or local crime.  In light of Defendant's criminal history and the Sixth Circuit's decision that use of a controlled substance includes possession, Violation #3 charges Defendant with conduct that would be a federal crime.  Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance.  This is a Grade B violation.

Judge Atkins conducted an initial appearance pursuant to Rule 32.1 in Pikeville on July 28, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing.  D.E. 142.  At the initial appearance, the United States made an oral motion for interim detention.  Defendant waived his right to a detention hearing, but reserved his right to move for such a hearing at a later date.  *Id*.

At the final hearing on August 3, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583.  D.E. 145.  Defendant competently entered a knowing, voluntary, and intelligent stipulation to violations #1, #2, and #3.  *Id.*  For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report and Addendum.

2

The United States thus established all three violations under the standard of section 3583(e). The parties did not recommend an agreed disposition.

The Court has evaluated the entire record, the Report, Addendum, and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to conspiracy to distribute cocaine, a Class C felony. *See* 21 U.S.C. § 846. Such a conviction carries a 24-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C), there is no statutory maximum amount of supervised release that can be imposed upon revocation.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violations #1 and #2 and a Grade B violation with respect to Violation #3. Given Defendant's criminal history category of I (the category at the time of the conviction in this

District) and a Grade B violation,[1] Defendant's Range, under the Revocation Table of Chapter 7, is four to ten months.

The government argued for revocation with eight months of imprisonment followed by ten years of supervised release.  The government stressed that Defendant's conviction was for cocaine trafficking, and that his violations are closely related.  In the government's view, returning to the drug associated with the conviction—in this case almost immediately after release from prison—"amplified" the need to impose a prison term above the middle of the Guidelines Range.  Defendant was a street-level distributor for a larger drug conspiracy who was also found possessing multiple firearms.  These facts, the government argued, magnified the need to protect the public from a person who had lapsed back into drug use and crime.

The government further stressed that Defendant was an addict whose criminal history also revealed a troubling mix of alcohol use and crime.  Upon his release, the USPO was working to enroll Defendant in a drug treatment program.  But Defendant lapsed into cocaine use so quickly, the USPO's efforts did not happen fast enough to have any effect.  In light of Defendant's addiction, quick reversion to drug use, and dishonesty with the USPO, the government argued he would not be a good candidate for additional supervised release unless he availed himself of drug treatment.  The government asked the Court to maintain the condition of Defendant's release that required drug treatment, and suggested that in-patient treatment might be best.

Counsel for Defendant agreed that Defendant had immediately re-offended upon release. But, he stressed that the lapse was due to addiction, which is a disease.  Defense counsel

---

[1] *See* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.")

emphasized the need for drug treatment.  Without it, ten years of supervised release could become a "revolving door."  Accordingly, counsel urged that imposing treatment was the best use of judicial resources at this point.  Defense counsel recommended a term of imprisonment of four to six months, below the middle of the Range.

Defendant briefly addressed the Court and apologized.

The Court noted on the record that Defendant has been described as a good family man who takes his responsibilities to his wife and children seriously.  However, his offense of conviction was serious and his personal history reveals a powerful addiction that is often associated with criminal activity.  Not only has Defendant used cocaine at least twice since his release, he also was caught twice using cocaine while on state probation.  And each time he uses drugs he commits a federal felony.  Therefore, the need to deter his criminal behavior is important in this case.  Defendant needs treatment.  And his alarmingly swift return to drug abuse (coupled with dishonesty toward his Probation Officer) is a serious breach of the Court's trust.

Congress does *mandate* revocation in a case of this nature.  By statute, the Court must revoke Defendant because he possessed a controlled substance.  *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession).  To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction.  *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release).  Defendant was involved in a conspiracy to distribute cocaine, which is a very serious matter.

The Court next considers Defendant's history and characteristics, and the need to deter criminal conduct and protect the public. Here, the key factor is Defendant's addiction. His cocaine addiction relates to his prior involvement in cocaine trafficking, and it underlies the current violation. Not only is this addiction dangerous to Defendant and the people around him, it causes him to commit a federal felony every time he uses an illegal drug. Defendant must be deterred from possessing drugs, and the public must be protected from the collateral consequences of his addiction.

Regarding opportunities for education and treatment, Defendant needs help. The Court will recommend maintaining Special Condition #2, which requires participation in a drug treatment program. Upon release, Defendant will remain responsible for complying with treatment as provided by Special Condition #2.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's conduct here represents a significant breach of the Court's trust. First, the speed of his relapse was alarming and unusual. Second, he used cocaine at least twice. Third, he lied about his drug use to his Probation Officer. Defendant needs to internalize just how severe his addition is, and capitalize on his treatment program so he can overcome it. Any future lapses will garner a more severe penalty.

An eight-month sentence is above the middle of the Guidelines Range.  For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis.  *See* 18 U.S.C. § 3583(e). Specifically, Defendant's dishonesty, multiple instances of drug use, and swiftness of returning to drug use are aggravating factors.  Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation.  *See* 18 U.S.C. § 3583(b) & (h).  Defendant's convictions carry no maximum term of supervised release. *See* 18 U.S.C. § 3583(h); 21 U.S.C. 841(b)(1)(C).  Given that Defendant had only been released for a few weeks before he violated, the full ten-year term originally imposed should be reimposed.

Based on the foregoing, the Court **RECOMMENDS**:

1.  Revocation with a term of imprisonment of eight months;

2.  A term of supervised release of 120 months, under the conditions previously imposed at Docket Entry 122.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Thapar's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended

disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 4th day of August, 2016.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge