UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO.  7:14-CR-03-KKC

UNITED STATES OF AMERICA,                                               PLAINTIFF,

V.                                     **RECOMMENDED DISPOSITION**

JIMMY EDWARD HALL,                                               DEFENDANT.

The defendant, Jimmy Edward Hall, appeared before the undersigned on December 2, 2019, for a final revocation hearing.  He was present for the proceeding and represented by counsel. At the hearing, he was found to be competent to proceed and, after being placed under oath, waived his rights to remain silent and rights to a full revocation hearing. In addition, after being informed of the charges and possible penalties, he provided a factual basis and entered a plea of guilty to violations 1, 3, 4 and 5.  The United States moved to dismiss Violation 2. His waivers were determined to be knowing, intelligent and voluntary.  Therefore, the undersigned recommends that Jimmy Edward Hall be found guilty of violations 1, 3, 4 and 5, and that violation 2 be dismissed. Further, the undersigned recommends that Hall's supervision be revoked, that he be sentenced to 18 months of incarceration with no supervision to follow.

**FACTUAL BACKGROUND**

On November 19, 2014, Jimmy Edward Hall was sentenced to 21 months of imprisonment to be followed by 10 years of supervised released after entering a plea of guilty to Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 841.  He was released to supervision on June 13, 2016.

On August 23, 2016, Hall's supervision was revoked, and he was sentenced to eight months of incarceration to be followed by 120 months of supervision, after having been found guilty of using cocaine.

Then, on March 24, 2017 Hall began his second term of supervision in this matter, only to have it again revoked on May 16, 2017 after using a controlled substance. On this second revocation, Hall received a sentence of 12 months incarceration followed by 120 months of supervised release.

He began his third term of supervision on April 13, 2018.

The instant violation conduct, as admitted by Hall, then began on October 23, 2019, when Hall was unable to produce a urine specimen for a drug test. The probation officer instructed Hall to remain at his home until the officer returned. However, upon the officer's return, he discovered that Hall had left the premises in violation of the instructions given to him. The next day, October 24, 2019, Hall spoke with his probation officer by telephone and was instructed to report to the probation office that day. This he failed to do, but did report the next day, October 25, 2019. Drug testing on October 25, 2019, was positive for cocaine. Hall denied using cocaine. However, he admitted at the final hearing in this action that he lied to the probation officer regarding his use. As a result, Hall was charged with and admits to violating the following four conditions of supervision:

Violation No. 1:

Standard Condition No. 13: You must follow the instructions of the probation officer related to the conditions of supervision. Grade C Violation. A violation of this conditions was established by Hall's testimony that he left his residence on October 23, 2019, although instructed to remain until the probation officer's return.

Violation No. 3:

Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. This is a Grade C violation. A violation of this condition was established by Hall's testimony that on October 25, 2019, he was positive for cocaine, after his illegal use of the substance.

Violation No. 4:

Mandatory Condition No. 1: You must not commit another federal, state, or local crime. Mandatory Condition No. 2: You must not unlawfully possess a controlled substance. This is a Grade B Violation. Violation of these conditions was established by Hall's testimony that on October 25, 2019, he in fact possessed cocaine.

Violation No. 5:

Standard Condition No. 4:  You must answer truthfully the questions asked by the probation officer. This is a Grade C Violation. A violation of this conditions was established by Hall's testimony that on October 25, 2019, he lied to the probation officer when he denied using cocaine.

## RECOMMENDED SENTENCE

Due to the nature of his present violations and his history of prior offense conduct, the United States argues that Hall's supervision should be revoked, and he be sentenced to a period of 18 months of incarceration with no supervision to follow.  The Defendant asks for a period of incarceration at the high end of the guidelines, 10 months of incarceration, with no supervision to follow. However, Hall concedes that a sentence at the maximum would not be unreasonable under the circumstances.

## I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## II.

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant.

Hall has lived his life in the same area where he was raised in Knott County, Kentucky. He was both a witness to and a victim of abuse in his early years, having witnessed at least two killings by gunshot. He has a close relationship with some members of his family. He is the father of three children. He is reportedly in poor health, experiencing chronic pain from motor vehicle accidents. He has no history of mental or emotional health issues but related a history of drug use beginning as early as age 13. He has not graduated high school or obtained a GED, and

began receiving SSI benefits in 1987, until his incarceration in this matter. He has a criminal history category of I, with zero criminal history points. He does, however, have one prior conviction for trafficking in a controlled substance, cocaine, for which he received a sentence of 3 years' incarceration, probated for three years, in the Knott County Circuit Court.

The instant violations constitute the third series of violations committed by Hall on supervision. Both of his previous violations involved the illegal use of cocaine, demonstrating the continuation of a longstanding addiction to controlled substances. However, Hall performed well on supervision for the last year and one half, since his last release from incarceration, until the instant offense conduct. In relation to the instant violations, he has demonstrated no desire to attempt to mislead the Court regarding his guilt and was eager to accept responsibility for his actions.

### III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Hall was last released to supervision on April 13, 2018 and is now before the Court on his third re-imposed term of supervision. The parties agree that the violation conduct is serious and largely agree on the appropriate penalty. In this action, the most serious violation committed by Hall is a Grade B Violation. Considering the severity of this violation in combination with his criminal history category of I, the United States Sentencing Guidelines recommend a sentence of imprisonment of 4-10 months of incarceration. In addition, the maximum period of incarceration

allowed under 18 U.S.C. § 3583(e)(3) is 24 months. In addition, there is no maximum amount of supervision that can be imposed.

In fashioning a recommendation in the case, the Court considers the information above, the number and nature of Hall's prior violations, the nature and circumstances of his current violations, his criminal history category of I and the fact that Hall has been afforded the opportunity to succeed while on supervision without the need for a term of incarceration. Now, in order to satisfy the considerations of the controlling statute considering the current violations, the undersigned believes that revocation of supervision with a period of imprisonment with no supervision to follow should be imposed. The Court finds Hall's criminal criminal history does not reveal a pattern of violence or large-scale drug activity. In addition, as argued by the United States, Hall was not a leader or organizer in the underlying criminal prosecution. However, his repeated pattern of violation conduct based upon the illegal use of drugs is concerning and requires corrective action. Past violations of supervision have resulted in period of incarceration of eight, and twelve months, respectively. Therefore, an incremental sentence would be indicated in response to his present violations. In addition, no further supervised release should be imposed. This is so because supervised release will not be effective to either protect society or to provide rehabilitation to Hall. His pattern of conduct indicates that he will not benefit from the services of probation, due to his demonstrated lack of candor to the supervising officer when confronted with evidence of violations due to drug use in the past. So, the record shows that Hall will not experience further rehabilitation with additional supervision. In addition, supervision is not necessary to protect society in this matter. Hall was neither a leader nor organizer of the underlying criminal prosecution. In his prosecution, he was responsible for a relatively low amount of cocaine and was engaged in only

small transactions.  Finally, his criminal history category of I indicates that a risk of danger to society is not a concern that is required to be addressed by further supervision.

Therefore, a period of incarceration of 18 months with no supervision to follow for the present violations is significant and will satisfy the above-stated purposes, including acting as a deterrent to future criminal conduct and protecting the public from further crimes that he might be inclined to commit.  Due to the length of his proposed incarceration, and past incarceration on revocation of supervision, no further supervision is authorized under 18 U.S.C. 3583(h).

## CONCLUSION

As previously stated, that facts upon which the Court recommends finding that the Defendant committed Violations 1, 3, 4 and 5 as established by his own admission, and therefore has been proven by a preponderance of the evidence. In addition, the undersigned recommends that Violation 2 be dismissed on the government's motion.  Therefore, for the reasons previously stated, the undersigned recommends:

(1) That the Defendant be found guilty of Violations 1, 3, 4 and 5;

(2) That Violation 2 be dismissed on the government's motion;

(3) That his supervision be REVOKED;

(4) That Jimmy Edward Hall be sentenced to a term of 18 months incarceration with no supervision to follow.

(5) That upon a waiver filed into the record **WITHIN TEN DAYS** evidencing Hall's knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced.

(6) If Hall desires to exercise his right of allocution, the matter should be scheduled for a final hearing  before Judge Karen K. Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed December 10 , 2019.

Signed By:

*Edward B. Atkins*

United States Magistrate Judge